IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| RLI Insurance Company, | ) | C/A No: 7:19-cv-01575-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Consent Order** |
| | ) | |
| AC Finance, LLC; Paul J. Gibson; Lynn Thomas; Auto Center of Spartanburg, LLC; Justin Gibson; Michael Anthony Walker; Tyler McGill; and Jessica Walker, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

BEFORE THE COURT is the motion of the Plaintiff, RLI Insurance Company ("RLI"), filed with the consent of Defendants Michael Anthony Walker, Tyler McGill, and Jessica Walker, for the entry of a judgment declaring that there is no coverage under a claims made and reported policy issued by RLI to AC Finance, LLC for the claims asserted against Michael Anthony Walker, Tyler McGill, and Jessica Walker in an underlying action filed in the Court of Common Pleas for Spartanburg County, South Carolina styled *Lynn Thomas v. BGibson, LLC et al.*, Case No. 2019-CP-42-00730 (the "Underlying Lawsuit").

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the action is between citizens of different states. The Court also has personal jurisdiction over Defendants Michael Anthony Walker, Tyler McGill, and Jessica Walker.

On May 31, 2019, RLI commenced the present declaratory judgment action by filing a Complaint with this Court. In its Complaint, RLI asserts that RLI Policy No. RTP0011137 (the "Policy"), with effective dates of September 28, 2017 through September 28, 2018, issued to its

insured (AC Finance, LLC) provides no coverage for the claims asserted against any of the named defendants in the Underlying Lawsuit. More specifically, RLI asserted that based on the Complaint, the plain language of the policy, the Complaint in the Underlying Lawsuit, and other relevant documents attached to the Complaint, the claim giving rise to the Underlying Lawsuit was not first made and first reported to RLI during the Policy Period of the Policy.

As RLI detailed in the consent motion, Defendants Michael Anthony Walker, Tyler McGill, and Jessica Walker agree that they did not report a Claim during the Policy Period or any applicable extended reporting period. Therefore, coverage has not, and cannot be, triggered under the Policy, and RLI owes no duty to defend or indemnify Defendants Michael Anthony Walker, Tyler McGill, and Jessica Walker with respect to the Underlying Lawsuit.

In light of the Parties' agreement on the question of coverage, the Court concludes that RLI is entitled to the relief requested in the Complaint as to Defendants Michael Anthony Walker, Tyler McGill, and Jessica Walker. Pursuant to the authority conferred by 28 U.S.C. § 2201(a), the Court hereby declares, decrees, and orders that there is no coverage, including no duty to defend and no duty to indemnify, under the Policy for the claims asserted against Michael Anthony Walker, Tyler McGill, and Jessica Walker in connection with the Underlying Lawsuit.

**IT IS SO ORDERED.**

s/Donald C. Coggins, Jr.
United States District Judge

December 18, 2019
Spartanburg, South Carolina